# NO. 12-09-00423-CR
# NO. 12-09-00424-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| *IN RE: MARVIN WADDLETON,* | | |
| *RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

## *MEMORANDUM OPINION*

Relator Marvin Waddleton III seeks a writ of mandamus directing the Honorable Jack Skeen, Jr., Judge of the 241st Judicial District Court, Smith County, Texas, to order the release of funds allegedly deposited by Relator upon the execution of his bail bonds in trial court cause numbers 241–0843–05 and 241–1330–05. We deny the petition.

### DISCUSSION

In a criminal case, the relator is entitled to mandamus relief only if he establishes that (1) he has no other adequate legal remedy and (2) under the facts and the law, the act sought to be compelled is purely ministerial. *See State ex rel. Hill v. Fifth Court of Appeals*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). Here, Relator contends that he deposited funds in the sum of $2,950 in two criminal cases and is entitled to a refund of the deposited funds pursuant to article 17.02 of the Texas Code of Criminal Procedure. He further alleges that mandamus is appropriate because the respondent has been requested to order the refund, but has failed to do so.

A "bail bond" is a written undertaking entered into by the defendant and his sureties for the appearance of the defendant before some court or magistrate to answer a criminal accusation. TEX. CODE CRIM. PROC. ANN. art. 17.02 (Vernon 2005). If the defendant chooses, he may deposit with the custodian of funds of the court in which prosecution is pending cash in the amount of the bond in lieu of having sureties sign the bond. *Id.* The receiving officer must give a receipt for any funds deposited, and the

funds must be refunded to the defendant, upon order of the court, if and when he complies with the conditions of his bond. ***Id.***

Initially, we note that a petition for writ of mandamus must be accompanied by an appendix that contains a certified or sworn copy of any order complained of, or any other document showing the matter complained of. *See* TEX. R. APP. P. 52.3(k)(1)(A). Additionally, the petition must be accompanied by a record containing a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding. *See* TEX. R. APP. P. 52.7(a)(1). Relator's petition was not accompanied by an appendix or a record. Consequently, we are unable to verify the allegations in his petition or conclude that he is entitled to mandamus.

Moreover, Relator alleges that, in two separate cases, he was charged with theft (trial court cause number 241–0843–05) and possession of a controlled substance (trial court cause number 241–1330–5). He further alleges that his bond was set at $25,000 in the theft case and $5,000 in the possession of a controlled substance case. According to Relator, Fast Action Bail Bond wrote both of these bonds, and was paid a total premium of $2,950. Thus, it appears from Relator's petition that he posted a surety bond in each case and that the amount he paid was a premium for the bonds and not a cash deposit in lieu of sureties as contemplated by article 17.02.

### CONCLUSION

Relator has not shown that he deposited cash in lieu of having sureties sign his bonds as authorized by article 17.02 of the Texas Code of Criminal Procedure. Therefore, he is unable to establish, under the facts and the law, that the respondent has failed to perform an act that is purely ministerial. Because Relator has not satisfied this prerequisite to mandamus, we need not address the second prerequisite, the availability of an adequate legal remedy. Relator's petition for writ of mandamus is ***denied***.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 16, 2009.
*Panel consisted of Worthen, C.J, and Hoyle, J.*
*Griffith, J., not participating.*

(DO NOT PUBLISH)
2